IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:12-261 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| EDUARDO NELSON | ) | |
| | ) | |
| | ) | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE
## AS TO EDUARDO NELSON

1.  On March 27, 2012, a federal grand jury in this district returned an Indictment charging the Defendant, Eduardo Nelson, ("Nelson", "Defendant"), with conspiracy to manufacture, possess and utter counterfeit securities, in violation of 18 U.S.C. §§ 371 and 513(a).

2.  The Indictment provided that upon the Defendant's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The forfeitable property is identified as follows:

Cash

(a) $1,641.78 in United States currency
Seized from: James Quashaun Scott on July 8, 2011
Asset ID: 11-USS-001385

(b) $935.00 in United States Currency
Seized from: Eduardo Nelson on July 8, 2011
Asset ID: 11-USS-001381

  (c) $529.64 in United States currency
    Seized from: Alex Marcus Brown February 19, 2011
    Asset ID: 11-USS-001386

  (d) $120.00 in United States currency
    Seized from: Tyquann Bacchus on February 19, 2011
    Asset ID: 11-USS-001387

3. On October 23, 2012, Nelson pled guilty to Count 1 of the Indictment, charging him with conspiracy to manufacture, possess and utter counterfeit securities, in violation of 18 U.S.C. §§ 371 and 513(a).

4. Based upon the Defendant's conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that such property constituted, or was derived from, proceeds the Defendant obtained as a result of such violations. The court finds that Nelson has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which the Defendant has been convicted; therefore, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

7. JUDGMENT IS ENTERED against the Defendant, and in favor of the United States in the amount of $12,093.24 together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

8. The Defendant, Eduardo Nelson, shall forfeit to the United States all of the Defendant's right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of his violation of 18 U.S.C. § 371, and any property used to facilitate such offenses, for which the Defendant had been convicted.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The below described property, and all right, title and interest of the Defendant, Eduardo Nelson, in and to the following property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

Cash

(a) $1,641.78 in United States currency
Seized from: James Quashaun Scott on July 8, 2011

    Asset ID: 11-USS-001385

 (b) $935.00 in United States Currency
   Seized from: Eduardo Nelson on July 8, 2011
   Asset ID: 11-USS-001381

 (c) $529.64 in United States currency
   Seized from: Alex Marcus Brown on February 19, 2011
   Asset ID: 11-USS-001386

 (d) $120.00 in United States currency
   Seized from: Tyquann Bacchus on February 19, 2011
   Asset ID: 11-USS-001387

2. Upon entry, this order becomes final as to Eduardo Nelson, and shall be made a part of his sentence and included in the criminal judgment;

3. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

4. The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgments.

5. The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor

has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

7. Upon entry of this Order, the United States Secret Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

13. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

This ___ day of March, 2013

Florence, South Carolina