AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | |
| EDUARDO NELSON | Case Number: 4:12CR261TLW(1) |
| | USM Number: 24065-171 |
| | James P. Rogers, Public Defender |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)  One (1) of the indictment on October 23, 2012  .
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Please see indictment | 6/2011 | 1 |

   The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐     The defendant has been found not guilty on count(s) _____.
☐     Count(s) __ ☐ is ☐ are    dismissed on the motion of the United States.
☐     Forfeiture provision is hereby dismissed on motion of the United States Attorney.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

March 5, 2013
Date of Imposition of Judgment

s/ Terry L. Wooten
Signature of Judge

Hon. Terry L. Wooten, Chief U.S. District Judge
Name and Title of Judge

March 22, 2013
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: EDUARDO NELSON
CASE NUMBER: 4:12CR261TLW(1)

## IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of six (6) months. The Court has already given the defendant credit for 7 months that he served in state custody prior to case being federally adopted.**

☐  The court makes the following recommendations to the Bureau of Prisons:

■  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States Marshal, and/or
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release                                                                                        Page 3

DEFENDANT: EDUARDO NELSON
CASE NUMBER: 4:12CR261TLW(1)

## SUPERVISED RELEASE

Upon release from imprisonment, **the defendant shall be on supervised release for a term of three (3) years.** While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions: 1. The defendant shall make restitution payments in monthly installments in the amount of $200, to begin 30 days after release from imprisonment. Interest is waived. The Court reserves the right to increase payments based on any increase in financial status. 2. The defendant shall satisfactorily participate in a substance abuse treatment program, to include drug testing, as approved by the U.S. Probation Office. 3. The defendant shall participate in a vocational training program as approved by the U.S. Probation Office. 4. The defendant shall submit financial documents and verification of income to the U.S. Probation Office as requested.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: EDUARDO NELSON
CASE NUMBER: 4:12CR261TLW(1)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 12,659.97 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Piggly Wiggly Darlington SC | $ 1,098.42 | $ 1,098.42 | |
| Piggly Wiggly Camden SC | $ 1,692.25 | $ 1,692.25 | |
| Main Street Pawn & Gun Dillon SC | $ 1,759.17 | $ 1,759.17 | |
| EPC 3Way Food Mart Marion SC | $ 994.68 | $ 994.68 | |
| Piggly Wiggly #119 Columbia SC | $ 1,126.74 | $ 1,126.74 | |
| Carl's Food Center Dillon SC | $ 645.51 | $ 645.51 | |
| Piggly Wiggly Dillon SC | $ 322.75 | $ 322.75 | |
| IGA Olanta SC | $ 426.99 | $ 426.99 | |
| Breakers Dillon SC | $ 1,093.49 | $ 1,093.49 | |
| Dev's Wine & Liquor Sumter SC | $ 134.07 | $ 134.07 | |
| Trading Post Lake View SC | $ 403.99 | $ 403.99 | |
| Food Mart Dillon SC | $ 279.15 | $ 297.15 | |
| Piggly Wiggly Orangeburg | $ 601.21 | $ 601.21 | |
| Piggly Wiggly Sumter SC | $ 493.42 | $ 493.42 | |
| Market Place Spirits Sumter SC | $ 303.32 | $ 303.32 | |
| Piggly Wiggly #84 Sumter SC | $ 246.71 | $ 246.71 | |
| IGA Manning SC | $ 765.95 | $ 765.95 | |
| Cruizers | $ 272.15 | $ 272.15 | |
| **TOTALS** | $12,659.97 | $12,659.97 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
- ■ The interest requirement is waived for the ☐ fine ■ restitution.
- ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments                                                                                                          Page 5

DEFENDANT: EDUARDO NELSON
CASE NUMBER: 4:12CR261TLW(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $100.00 special assessment and $12,659.97 restitution due immediately, balance due
      ☐ not later than _____, or
      ■ in accordance with  ☐ C,  ■ D, or  ☐ E, or  ■ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (30 or 60 days) after the date of this judgment; or

D  ■  Payment in equal monthly installments of $ 200, to commence *30 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ■  **Special instructions regarding the payment of criminal monetary penalties: Pursuant to Oral Order and sentence of the Court, the $935.00 seized and forfeited shall be credited towards/paid towards restitution amount of $12,659.97, without objection from the government.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

4:12cr261TLW(1) Eduardo Nelson; 4:12cr261TLW(2) Alex Marcus Brown; 4:12cr261TLW(3) Ellis Sparks
TOTAL AMOUNT RESTITUTION: $12,659.97; Joint & Several Amount Restitution: $12,659.97
PAYEES:
Piggly Wiggly Darlington SC
Piggly Wiggly Camden SC
Main Street Pawn & Gun Dillon SC
EPC 3Way Food Mart Marion SC
Piggly Wiggly #119 Columbia SC
Carl's Food Center Dillon SC
Piggly Wiggly Dillon SC
IGA Olanta SC
Breakers Dillon SC
Dev's Wine & Liquor Sumter SC
Trading Post Lake View
Food Mart Dillon SC
Piggly Wiggly Orangeburg
Piggly Wiggly Sumter SC
Market Place Spirits Sumter SC
Piggly Wiggly #84 Sumter SC
IGA Manning SC
Cruizers

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

■  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed March 5, 2013 and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:12-261 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| EDUARDO NELSON | ) | |
| | ) | |
| | ) | |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE
## AS TO EDUARDO NELSON

1. On March 27, 2012, a federal grand jury in this district returned an Indictment charging the Defendant, Eduardo Nelson, ("Nelson", "Defendant"), with conspiracy to manufacture, possess and utter counterfeit securities, in violation of 18 U.S.C. §§ 371 and 513(a).

2. The Indictment provided that upon the Defendant's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The forfeitable property is identified as follows:

Cash

(a) $1,641.78 in United States currency
Seized from: James Quashaun Scott on July 8, 2011
Asset ID: 11-USS-001385

(b) $935.00 in United States Currency
Seized from: Eduardo Nelson on July 8, 2011
Asset ID: 11-USS-001381

      (c)    $529.64 in United States currency
Seized from: Alex Marcus Brown February 19, 2011
Asset ID: 11-USS-001386

      (d)    $120.00 in United States currency
Seized from: Tyquann Bacchus on February 19, 2011
Asset ID: 11-USS-001387

3.    On October 23, 2012, Nelson pled guilty to Count 1 of the Indictment, charging him with conspiracy to manufacture, possess and utter counterfeit securities, in violation of 18 U.S.C. §§ 371 and 513(a).

4.    Based upon the Defendant's conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that such property constituted, or was derived from, proceeds the Defendant obtained as a result of such violations. The court finds that Nelson has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.    The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which the Defendant has been convicted; therefore, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights.

6. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

7. JUDGMENT IS ENTERED against the Defendant, and in favor of the United States in the amount of $12,093.24 together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

8. The Defendant, Eduardo Nelson, shall forfeit to the United States all of the Defendant's right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of his violation of 18 U.S.C. § 371, and any property used to facilitate such offenses, for which the Defendant had been convicted.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The below described property, and all right, title and interest of the Defendant, Eduardo Nelson, in and to the following property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

> Cash
>
> (a) $1,641.78 in United States currency
> Seized from: James Quashaun Scott on July 8, 2011

Asset ID: 11-USS-001385

(b)  $935.00 in United States Currency
Seized from: Eduardo Nelson on July 8, 2011
Asset ID: 11-USS-001381

(c)  $529.64 in United States currency
Seized from: Alex Marcus Brown on February 19, 2011
Asset ID: 11-USS-001386

(d)  $120.00 in United States currency
Seized from: Tyquann Bacchus on February 19, 2011
Asset ID: 11-USS-001387

2.  Upon entry, this order becomes final as to Eduardo Nelson, and shall be made a part of his sentence and included in the criminal judgment;

3.  Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

4.  The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgments.

5.  The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor

has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

7. Upon entry of this Order, the United States Secret Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights;

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions;

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

13. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

Terry L. Wooten
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

This ___ day of March, 2013

Florence, South Carolina